WALTER E. JOHNSON, Appellee, v. CITY OF WATERLOO, Appellant (and four other cases).

MUNICIPAL CORPORATIONS: Special Assessments—Selling Price as
1   Evidence of Value. The actual selling price of specially assessed property is not necessarily conclusive on the owner as to its actual value. The *terms* of the sale are a very material consideration.

MUNICIPAL CORPORATIONS: Special Assessments—Unallowable Ex-
2   emption. A tract of ground which abuts upon an improvement may not be exempted from assessment simply because the owner contemplates a possible future donation of the tract to the city for a street.

Headnote 1:  28 Cyc. p. 1157.  Headnote 2:  28 Cyc. p. 1131.

*Appeal from Black Hawk District Court.*—E. B. STILES, Judge.

NOVEMBER 16, 1926.

This is a consolidated case, including five appeals from paving assessments in the city of Waterloo. The district court reduced the assessment imposed by the city council in each case. The city has appealed.—*Modified and affirmed.*

*Harry M. Reed,* for appellant.

*Pike, Sias, Zimmerman & Frank,* for appellee.

EVANS, J.—Counsel for the parties have reduced the controversy in each case to a single question: What was the value of each property in December, 1924, when the assessment was levied? The appeal from each assessment is predicated solely upon the contention that the assessment exceeded 25 per cent of the actual value of the assessed property. The evidence, therefore,

has all been directed to such question in each case. Counsel have set before us very convenient charts, showing the respective values fixed by the decree upon each tract, and likewise the respective values fixed upon each tract by each witness who testified thereon. In the main, the difference between the valuations fixed by the opposing witnesses is not great. In such cases, the valuation fixed by the decree is approximately an average between such estimates. In such case, little room is left for appellate interference. Counsel for appellant frankly concedes that the valuation fixed by the district court on the Johnson, Draper, and Bellinger properties was so nearly correct that appeals would not have been prosecuted, except for the greater grievances suffered in the cases of Cole and Morrison. We reach the ready conclusion that the record would justify no interference on our part with the finding of the court in the three cases named.

The Cole property consists of one tract. This tract is large enough in its dimensions to be divided into five home properties, fronting on the paved street. It is not platted, but at Cole's request, the assessment was divided, and made in severalty against each of five parcels. For convenience, these are known in the record as Nos. 1, 2, 3, 4, and 5. These parcels cost Cole, in the spring or summer of 1924, an average of $350 each. He testified, as a witness, to the following valuations, at the time of the assessment: No. 1, $600; No. 2, $600; No. 3, $550; No. 4, $300; No. 5, $250. The valuation fixed by the court was $700, $700, $650, $375, and $325. Eickelberg, one of the defendant's witnesses, fixed a valuation thereon as follows: $650, $650, $650, $275, $250. Cowin, another witness for defendant, fixed the valuations as $750, $750, $750, $375, $375. Bown, another witness for the defendant, valued the first three lots as follows: $700, $700, $650. Other witnesses (members of the city council) put the valuation at from $800 to $900. Four of the witnesses for the defendant were members of the city council. Other witnesses for the defendant were property owners fronting on the same street, who had not appealed, and who were, therefore, interested adversely to the appellees. Three of the defendant's witnesses were apparently disinterested. Their valuations in each case were very close to those fixed by the district court.

The point that is specially stressed by appellant in argument is that Lot 3, valued by the court at $650, had been sold by Cole for $850. It is urged, therefore, that the selling price therefor should be conclusive upon Cole as to its value. The facts pertaining to such sale were that he sold the lot to Marring, on the installment plan, to be paid for at the rate of $8.00 a month. Manifestly, a sale on such terms does not necessarily fix the actual market value of to-day. This contract involves extension of credit over a period of 15 years. As to what the present value of such a contract might be, no evidence was offered. The appellant simply relies upon the alleged presumption that the actual market value of the lot is the price at which it was sold, regardless of the terms of sale. We think the point is not tenable.

1. MUNICIPAL CORPORATIONS: special assessments: selling price as evidence of value.

It also appears that Cole sold to Marring Lot 4, contracting to build a house thereon for the sum of $5,000. The actual cost to Cole for building the house was from $4,200 to $4,300. It is urged, therefore, that he received $800 for his lot. This takes no account of the value of the time and services of Cole in the building of his house, nor does it furnish a necessary measure of the real value of the lot at the time. In like manner, Cole sold Lot 2 to Rickhoff, contracting to build a house thereon for $5,800. We do not think that such a method of computation of value of a lot will fairly bear the stress which appellant puts upon it.

We discover, therefore, in the record no fair reason for our interference with the valuations fixed by the court on the Cole property.

As to the Morrison property, all the witnesses for the plaintiff fixed its valuation at $2,500. The decree of the district court fixed it at $2,700. Eickelberg, for the defendant, fixed the value at $2,800; Cowin, at $2,750 to $3,000; members of the council, as witnesses, fixed it at from $3,000 to $3,800.

It appears in this case that Morrison had a frontage of 180 feet. One lot, of 40 feet, fronting on this improvement, had a lateral frontage on Seventh Street, which was a 40-foot street.

2. MUNICIPAL
CORPORATIONS:
special assess-
ments: unallow-
able exemption.

It appears to have been assumed by Morrison and all his witnesses, for the purpose of valuation, that this 40-foot lot had no value to Morrison, because he would sometime have need to donate it to the city for the purpose of widening Seventh Street. It seems to have been platted with this end in view. All of his witnesses disregarded this frontage in fixing their valuation of the Morrison property. It is evident, also, that the trial court disregarded it, or else overlooked it. The argument for the appellant at this point is that the testimony of the plaintiff's witnesses was all predicated upon seven ninths of the property, and no more. We think that the point must be sustained. Morrison is the owner of the property. It abuts upon the improvement. It presumptively acquires a benefit therefrom. His title is in no manner clouded by the fact that the property lies upon Seventh Street, or by the fact that he may sometime find it to his interest to donate it to the widening of Seventh Street. He cannot be compelled to do so. We see no legitimate reason for saying that it is not subject to assessment on the basis of its actual market value at the time of the assessment. The entire tract was valued by the city council, for the purpose of the assessment, at $4,920. It was valued by the decree of the district court at $2,700. Because of the omission referred to, we think the valuation should be raised to $3,400, and such will be the order here.

With this modification, the decree of the district court is in all other respects affirmed. Two ninths of the costs in this court will be taxed to Morrison; seven ninths to the appellant.—*Modified and affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.